IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

CHRISTOPHER LEE BARNES,

    Petitioner,

v.

MARK NOOTH,

    Respondent.

Civ. No. 2:15-cv-00366-MC

OPINION AND ORDER

**MCSHANE, Judge:**

Petitioner brings this petition for writ of habeas corpus under 28 U.S.C. § 2554 alleging ineffective assistance of counsel. Respondent argues that the petition is barred by the statute of limitations and must be denied. The Court agrees.

## BACKGROUND

On February 11, 2010, petitioner, who has mental impairments and a low IQ, pled guilty to one count of Rape in the First Degree and one count of Attempted Sodomy in the First Degree. Petitioner did not directly appeal his conviction, and it became final on March 15, 2010.[1]

In March 2010, petitioner was moved from Oregon Department of Corrections' (ODOC) intake facility to Two Rivers Correctional Institution (TRCI). While at TRCI, petitioner "sought

---

[1] Respondents allege that petitioner's conviction was final on March 13, 2010; however, this two-day difference has no bearing on the outcome of the case.

1 – OPINION AND ORDER

information about his criminal case but was told that he had to have a pending case in order to have access to legal resources and property." Pet.'s Brief at 3.

In October 2010, petitioner was moved to Snake River Correctional Institution (SRCI) and placed in various types of restrictive housing. In October 2011, petitioner was moved to the Inmate Management Unit (IMU) and given access to a telephone. Petitioner then called his trial attorney to request his case file and his Clackamas County case number. Around this time, petitioner also contacted the Clackamas County court to obtain his trial transcripts.

In January 2012, petitioner received his case file, and on September 7, 2012, petitioner filed a state post-conviction relief (PCR) petition pro se alleging ineffective assistance of council and stating that his petition should be deemed timely due to his mental incapacity and lack of access to legal materials. In February 2013, petitioner's state PCR petition was ultimately denied as untimely. *See* Or. Rev. Stat. § 138.510(3).

While his PCR petition was pending, petitioner also filed several pro se lawsuits in federal court. Petitioner filed at least seven lawsuits in 2013, including suits alleging that a court clerk incorrectly provided records to petitioner on a computer disk; his trial attorney rendered ineffective assistance of counsel; a representative of the Oregon State Bar failed to investigate his trial attorney's conflict of interest; and an examining physician falsified reports.

Petitioner appealed the denial of his state PCR petition in March 2013, and while that appeal was pending, he attempted to file two federal habeas petitions with this Court. These petitions were denied because petitioner's state appeal was still pending. During this time, petitioner also filed a second state PCR petition, which was dismissed. In March 2015, petitioner's appeal of the denial of his first PCR petition was affirmed without opinion, after which he filed the instant habeas petition.

## DISCUSSION

Pursuant to 28 U.S.C. § 2244(d), "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to a judgment of a State court." This period begins to run from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Here, petitioner's state court judgment became final on March 15, 2010, and the one year statute of limitations to file a federal habeas petition ended in March 2011. Petitioner did not file the instant habeas petition until February 19, 2015, and respondent argues that it is time-barred. While respondent concedes that a properly-filed state PCR petition can toll the federal statute of limitations, petitioner did not file his PCR petition until September 2011, well beyond the one-year limitations period.

Petitioner does not dispute this argument. Instead, petitioner asserts that the AEDPA statute of limitations should be equitably tolled because (1) his mental impairments rendered him unable to file on time, and (2) he was unable to contact his trial attorney or access his legal materials.

For equitable tolling to apply under the AEDPA, petitioner must show "(1) that he has been pursing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented untimely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (internal quotations omitted). The threshold for the application of equitable tolling is "very high" and it is "unavailable in most cases." *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

3 – OPINION AND ORDER

Petitioner first asserts that his mental impairments rendered him unable to file his federal habeas petition within the statute of limitations. To establish equitable tolling due to mental impairment petitioner must show that: (1) his mental impairment was so severe that he "was unable rationally or factually to personally understand the need to timely file, or . . . [his] mental state rendered him unable personally to prepare a habeas petition and effectuate its filing;" and (2) he diligently "pursu[ed] [his] claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances." *Bills v. Clark*, 628 F.3d 1092, 1099–1100 (9th Cir. 2010) (citations omitted).

It is undisputed that petitioner suffers from mental impairments; however, petitioner has not demonstrated that these impairments made him unable to understand the need to timely file or to prepare and file a habeas petition. Beginning in September 2012, petitioner was able to prepare and file two pro se PCR petitions, at least one with briefing, two federal habeas petitions, and several pro se lawsuits during the time his appeal of the PCR petition denial was pending. Petitioner does not explain why his mental incapacity rendered him unable to file a petition between March 2010 and March 2011, the relevant limitations period, when it did not create any impediment to his later filings. Petitioner provides no evidence or argument showing that his mental condition improved significantly after the limitations period ended. The record indicates that petitioner was able to prepare and file a habeas petition within the statute of limitations. *See Sanford v. Soto*, 617 Fed. Appx. 767, 768 (9th Cir. 2015) (stating that a petitioner's "successful filing of three state habeas petitions during the relevant time period demonstrates that he could capably effectuate the filing of a federal habeas petition"). While it might be true that petitioner is not legally sophisticated about the statutes of limitations at issue, lack of legal sophistication

does not constitute an extraordinary circumstance that would excuse late filing. *See Johnson v. United States*, 544 U.S. 295, 311 (2005).

Further, petitioner has not provided an explanation for why his mental impairment would have made it impossible to diligently pursue his rights by contacting his attorney via mail or beginning to prepare his PCR petition. Moreover, once petitioner received his case file, he waited approximately eight months to file his PCR petition. While not alone determinative, "[d]iligence after an extraordinary circumstance is lifted may be illuminating as to overall diligence." *Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014). Because he has not established that he diligently pursued his rights to the extent he understood them, petitioner is not entitled to equitable tolling due to his mental impairment.

Petitioner also asserts that, during the limitations period between March 2010 and March 2011, he was prevented from accessing legal materials and was unable to obtain his case file or transcripts because of his placement in restrictive housing. Specifically, petitioner alleges he "sought information about his criminal case but was told that he had to have a pending case in order to have access to legal resources and property." Pet.'s Brief at 3. To warrant equitable tolling based on restrictive housing and the inability to access legal materials, petitioner must show that (1) lack of access to his files made filing impossible and (2) that he pursued his rights diligently. *Ramirez v. Yates*, 571 F.3d 993, 998 (9th Cir. 2009). Petitioner does not make either showing.

Petitioner has not alleged facts that demonstrate why his case file and transcripts were necessary for the preparation of his petition. *Ford v. Pliler*, 590 F.3d 782, 790 (9th Cir. 2009) (stating that an inability to access legal files does not entitle petitioner to equitable tolling when he knows the factual basis of his claims). In fact, petitioner avers that he notified the trial court

"that seven months into his incarceration, he came across evidence that could [and] would have changed the outcome of [his] sentence." Pet.'s Brief at 4, n.2. Thus, as early as October 2010, petitioner had at least some information forming the basis of his claim. As a result, he cannot establish that his inability to access to his case files made filing a timely petition impossible.

With regard to his diligence, petitioner does not explain why he did not attempt to obtain his case file or transcripts by mailing a request during the period between March 2010 and March 2011. Even if petitioner's placement in restrictive housing and his lack of telephone access were an extraordinary circumstance, a showing of "diligence during the existence of an extraordinary circumstance is the key consideration." *Gibbs v. Legrand*, 767 F.3d 879, 892 (9th Cir. 2014). Though petitioner argues that, while at TRCI between March 2010 and October 2010, he was told that he could not obtain his legal materials without a pending case, he does not indicate who told him this information, who he contacted, or whether he made attempts to contact his attorney. Furthermore, in his declaration, petitioner makes no allegations that his placement in SRCI from October 2010 to October 2011 prevented him from accessing his materials, only that he had no telephone access. Petitioner's passing reference to his inquiry into his legal materials is not enough to make a showing of diligence. *See Johnson v. Yates*, 443 Fed. Appx. 247, 249 (9th Cir. 2011).

In sum, petitioner has not shown that it was impossible to file a petition without his legal materials or that he diligently pursued his rights while in restrictive housing, and he is not entitled to equitable tolling these grounds.

Finally, respondent argues that the claims are procedurally defaulted for lack of exhaustion, noting that the State denied petitioner's PCR petition on untimeliness grounds, an assertion that petitioner does not counter. A state habeas petitioner must exhaust all available

state court remedies—either on direct appeal or through collateral proceedings—before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1)(A); *see also Baldwin v. Reese*, 541 U.S. 27, 29 (2004). To meet the exhaustion requirement, the petitioner must "fairly present" a federal claim to the State's highest court "in order to give the State the opportunity to pass upon and to correct alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam) (quotation marks omitted). To fairly present a claim, a petitioner must present it "(1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (per curiam) (internal citations omitted).

Because petitioner's PCR petition was denied as untimely, his claims were not fairly presented to the State's highest court. Accordingly, his claims are procedurally defaulted, further supporting the denial of the instant federal habeas petition. *Schneider v. McDaniel*, 674 F.3d 1144, 1152–53 (9th Cir. 2012) (citing *Coleman v. Thompson*, 501 U.S. 722, 731–32 (1991)).

## **CONCLUSION**

Petitioner has not established that an extraordinary circumstance prevented his timely filing or that he diligently pursued his rights to the extent he was able, and petitioner is not entitled to equitable tolling of the statute of limitations on his habeas petition. Petitioner's habeas petition, ECF No. 2, is therefore DENIED. A Certificate of Appealability is denied on the basis that petitioner has not made a substantial showing of the denial of a constitutional right pursuant to 28 U.S.C. § 2253(c)(2).

IT IS SO ORDERED.

Dated this 13th day of April, 2017.

                                                          _____
                                                                   Michael McShane
                                                            United States District Judge